UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KARL VUONG; DIANA CERPAS; and DOES 1-10.<br><br>　　　　Defendants. | No. 2:14-cv-00709-KJM-DAD<br><br><br>ORDER |

I.   INTRODUCTION

　　　　The claims in this case arise out of plaintiff's allegations that defendants' commercial property, *inter alia*, is inaccessible to wheelchair users and has no handicapped parking space. (Compl. ¶¶ 1-2, 8-9.) Plaintiff filed his complaint on March 18, 2014. (ECF No. 1.) On May 16, 2014, plaintiff moved for the entry of default against one of the defendants, Diana Cerpas (ECF No. 5), and the court clerk entered a default on May 20, 2014 (ECF No. 6). On July 21, 2014, plaintiff applied for an order allowing service of the summons by publication on the other named defendant, Karl Vuong. (ECF No. 8.) As explained below, the court GRANTS plaintiff's application.

/////

II.     ANALYSIS

Under Federal Rule of Civil Procedure 4(e), an individual may be served by:

(1) following state law for serving a summons . . . ; or

(2) doing any of the following:

   (A) delivering a copy of the summons and of the complaint to the individual personally;

   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In California, the final method of service permitted is by publication of summons in a newspaper of general circulation. CAL. CIV. PROC. CODE § 415.50. Specifically, the California Code of Civil Procedure provides:

(a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified . . . and that . . .

(1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

CAL. CIV. PROC. CODE § 425.50.

However, service by publication should "be utilized only as a last resort," *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995), because "notice by publication [is] not reasonably calculated to provide actual notice of the pending proceeding and [is] therefore inadequate to inform those who could be notified by more effective means such as personal service or mailed notice[,]" *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983). Hence, "[b]efore allowing a plaintiff to resort to service by publication, the courts necessarily require [a plaintiff] to show exhaustive attempts to locate the defendant . . . ." *Watts*, 10 Cal. 4th at 749 n.5 (internal quotation marks omitted). A plaintiff has the burden to establish "reasonable diligence" in

/////

/////

attempting service by other methods. *Olvera v. Olvera*, 232 Cal. App. 3d 32, 42 (1991).

"Reasonable diligence" in attempting to serve by other methods connotes:

> [A] thorough, systematic investigation and inquiry conducted in good faith . . . . A number of honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication. However, the showing of diligence in a given case must rest on its own facts and no single formula nor mode of search can be said to constitute due diligence in every case.

*Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137-38 (1996) (internal citations and quotations omitted).

Here, the court finds plaintiff has met his burden in establishing "reasonable diligence." Specifically, plaintiff's counsel has searched various databases and learned that defendant Vuong "had only one listed possible current mailing addresses [sic]": 2911 Atlas Ave., Sacramento, CA 95820-4638. (Ballister Decl. ¶¶ 2-3, ECF 8-1.) Plaintiff's agent for service, Armada Prime, LLC, has provided information about ten unsuccessful attempts to serve defendant Vuong at that address. (*See* ECF 8-3.) In addition, plaintiff has mailed a notice and acknowledgment receipt of summons and complaint to the same address. (*See* ECF 8-4.) Finally, plaintiff's counsel declares he "has been unable to locate any additional addresses for . . . [d]efendant." (Ballister Decl. ¶ 9.) Under these circumstances, plaintiff has satisfied the "reasonable diligence" requirement. *See Bd. of Trustees of the Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 336 (stating that two or three attempts to serve at a proper place generally satisfied the reasonable diligence standard). Accordingly, the court GRANTS plaintiff's application for an order for publication of summons.

Plaintiff is directed to serve defendant Karl Vuong by publication in *The Sacramento Bee*. *See* CAL. CIV. CODE § 415.50(b). Plaintiff is further directed to mail a copy of the summons, the complaint, and the order for publication to defendant Vuong at all addresses

available for him.  Finally, plaintiff shall comply with California Government Code section 6064, which provides that the publication in the newspaper must occur once a week for four successive weeks.

        IT IS SO ORDERED.

DATED:  August 4, 2014.

                              UNITED STATES DISTRICT JUDGE