UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>KARL VUONG, DIANA CERPAS, and DOES 1-10.<br><br>  Defendants. | No. 2:14-CV-0709 KJM-DAD<br><br>ORDER |

This matter is before the court on the motion to set aside the clerk's entry of default by defendants Karl Vuong and Diana Cerpas. ECF No. 21. Plaintiff Scott Johnson has filed a statement of non-opposition to the motion. ECF No. 23. This matter was decided without a hearing. For the reasons below, the court GRANTS defendants' motion.

I.  ALLEGED FACTS AND PROCEDURAL BACKGROUND

In March 2014, plaintiff filed a complaint against defendants for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. (ADA); California's Unruh Civil Rights Act, Cal. Civ. Code § 51-53, the California Disabled Persons Act, *id*. § 54-54.8; and negligence. Compl., ECF No. 1. Plaintiff seeks injunctive relief, damages, attorneys' fees, litigation expenses and costs of suit. *Id*. at 7.

/////

1

1        Defendants Diana Cerpas and Karl Vuong are the owners of Viva Mazatlan Tacos
2  & Mariscos Restaurant ("Restaurant") in Sacramento, California.  Decl. of Diana Cerpas ¶ 3, ECF
3  No. 21-3; Decl. of Karl Vuong ECF No. 21-2 ¶ 3.  Defendants' restaurant allegedly does not
4  comply with statutory requirements because it is not accessible to wheelchair users, does not have
5  handicap parking spaces, the door hardware at the entrance requires tight grasping to operate and
6  there is no lowered portion of the transaction counter for use by persons in wheelchairs.  Compl.
7  ¶¶ 8–11.

8        Defendant Cerpas became aware of this suit in April or May 2014 when the
9  Restaurant manager, Alvaro Lopez, called and informed her.  Cerpas Decl. ¶ 4.  Cerpas was in
10 Mexico, where she was to be for two years.  *Id*. ¶ 6.  Lopez assured her the matter was taken care
11 of, and Cerpas relied on Lopez to inform her if any further action was needed.  *Id*.  Cerpas was
12 served on March 25, 2014, by substitute service on Jamie Rodriguez, a staff member at the
13 Restaurant, and proof of service on Cerpas was filed with the court on April 1, 2014.  ECF No. 4.
14 After no response was filed, plaintiff requested an entry of default as to defendant Cerpas on
15 May 16, 2014.  ECF No. 5.  The clerk entered default on May 20, 2014.  ECF No. 6.

16       Defendant Karl Vuong owns the property on which the Restaurant sits.  He
17 became aware of the suit in early July when he went to pick up a rent check at the Restaurant and
18 was informed by one of the employees.  Vuong Decl. ¶ 4.  At the time, he believed the claims
19 only pertained to the Restaurant and Cerpas.  *Id*.  He received "what appeared to be legal
20 documents" at his home address in September 2014.  *Id*.  He contacted the manager of the
21 Restaurant, who informed him the problems had been addressed; based on that conversation,
22 Vuong believed the matter had been resolved.  *Id*. ¶ 5.  On July 21, 2014, plaintiff filed a request
23 to serve Vuong by publication  (ECF No. 8), which the court granted on August 5, 2014 (ECF
24 No. 10).  The court directed plaintiff to "serve defendant Karl Vuong by publication in *The*
25 *Sacramento Bee*" once a week for four successive weeks and to "mail a copy of the summons, the
26 complaint, and the order for publication to defendant Vuong at all addresses available for him."
27 ECF No. 10.  Plaintiff "served the complaint on defendant Karl Vuong via publication through
28 The Sacramento Bee on August 9, 16, 23 as well as August 30, 2014."  Request for Entry of

Default, ECF No. 14.  On October 1, 2014, plaintiff requested entry of default as to defendant Vuong only (ECF No. 14), which the clerk entered on October 2, 2014 (ECF No. 15).

On November 5, 2014, plaintiff filed his application for default judgment against Cerpas and Vuong.  ECF No. 16.  On December 16, 2014, defendants filed the pending motion to set aside the entry of default under Federal Rule of Civil Procedure 55(c).  ECF No. 21.  Plaintiff filed his statement of non-opposition on December 31, 2014.  ECF No. 23.

II.     STANDARD

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  To determine whether good cause exists, the court considers three factors: (1) whether defendants engaged in culpable conduct that led to default, (2) whether defendants had a meritorious defense, or (3) whether reopening the default judgment would prejudice plaintiff.  *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004). These factors apply to motions to set aside default under Rule 55(c) and motions to set aside default judgment under Rule 60(b); however, the test is "more liberally applied" in the Rule 55(c) context.  *United States v. Signed Personal Check No. 730 of Yubran S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1091 n.1 (9th Cir. 2010); *see also Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (finding district court's discretion is "especially broad" when setting aside entry of default, rather than default judgment).  A district court may deny a movant's request to set aside default if any one of the factors is present.  *Mesle*, 615 F.3d at 1091; *Franchise Holding II*, 375 F.3d at 926.

The Ninth Circuit cautions against default judgments; courts are directed to be "solicitous towards movants" and deny a motion to set aside default only where "extreme circumstances" exist.  *Mesle*, 615 F.3d at 1091–92; *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible."); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

/////

III. ANALYSIS

A. Culpability

A defendant's conduct is culpable when he has received actual or constructive notice of the action and intentionally failed to answer. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional' under [Ninth Circuit] default cases." *Id*.; *accord Mesle*, 615 F.3d at 1092. Instead, a finding of intentional failure will exist only where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*. at 699.

Here, defendants' conduct was not culpable. In the case of Cerpas, she was out of the country, discussed the case with the Restaurant manager, instructed him to contact the property owner, and relied on him to take care of the matter. Mot. at 8. *Id*. With regard to Vuong, he "did not understand he was a party to the lawsuit" and believed the claims only related to the Restaurant owner, Cerpas. *Id*. When he received legal documents at his home address, he contacted the Restaurant manager who informed him they had responded to the suit by changing the hardware and lowering the service counter. *Id*. Vuong believed no further action was required. *Id*.

Defendants each have provided a credible and good faith explanation for his or her lack of response to the complaint, and there is no evidence of bad faith. *Vann v. Aurora Loan Servs. LLC*, No. 10-CV-04736-LHK, 2011 WL 1002093, at *3 (N.D. Cal. Mar. 21, 2011) (behavior not culpable where "failure to answer resulted from mere negligence or inadvertence, rather than an attempt to manipulate the legal process or take advantage of Plaintiff"). This factor weighs in favor of defendants.

B. Meritorious Defense

A defendant seeking to vacate a default must provide specific facts that would constitute a defense, but the burden is not "extraordinarily heavy." *TCI Grp*., 244 F.3d at 700. Whether defendants' factual allegations are true is not at issue at this juncture. *Mesle*, 615 F.3d at

4

1094.  To prevail on the "meritorious defense" factor, "a [plaintiff] need only demonstrate law or facts showing that a sufficient defense is assertable."  *J & J Sports Prod., Inc. v. Benitez*, No. 1:11-cv-01875, 2012 WL 6088300, at *4 (E.D. Cal. Dec. 6, 2012) (citing *TCI Grp.*, 244 F.3d at 700).  A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."  *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

Defendants argue they have a meritorious defense because: (1) they do not provide parking spaces to Restaurant patrons; the parking spaces adjacent to the Restaurant are owned by a separate business establishment; (2) since learning of the suit, the Restaurant has fixed the door hardware and the counter height to comply with ADA guidelines.  Mot. at 9-10.  Because the ADA provides only for injunctive relief, defendants' voluntary removal of alleged barriers prior to trial may have rendered plaintiff's ADA claim moot.  *See Martinez v. Longs Drug Stores Corp.*, 281 F. App'x. 712, 713–14 (9th Cir. 2000).  Defendants also have a viable defense to the claim of non-compliant parking spaces if they do not own the spaces adjacent to the restaurant.  *Sharp v. Balboa Islands LLC*, 900 F. Supp. 2d 1084, 1093 (S.D. Cal. 2012) (court "cannot order Defendants to alter property that they do not own").

Defendants have adequately presented law and facts supporting a meritorious defense such that default would impede the interests of justice.

C.  Prejudice

Prejudice exists where plaintiffs' "ability to pursue [their] case will be hindered."  *See TCI Grp.*, 244 F.3d at 701 (quoting *Falk*, 739 F.2d at 463).  A delay "must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" for the setting aside of default to be prejudicial to the plaintiff.  *Id*. (citing *Thomspon v. Am. Home Assur.*, 95 F.3d 429, 433–34 (6th Cir. 1996).

Plaintiff has filed a statement of non-opposition, confirming that he will not be prejudiced if defendants' motion is granted.

/////

/////

IV. CONCLUSION

    1. Defendants' motion to set aside the default (ECF No. 21) is GRANTED; and

    2. Defendants shall file their responsive pleading within fourteen days of this order.

IT IS SO ORDERED.

DATED: March 25, 2015.

                                  UNITED STATES DISTRICT JUDGE