UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>KARL VUONG; BONNIE CHOW; KAREN KWAI SUEN CHOW; WARREN CHOW JR.; and Does 1-10,<br><br>Defendants. | No. 2:14-cv-00709-KJM-DB<br><br><br><br>ORDER |

Plaintiff has settled with three of the four named defendants: Bonnie Chow, Karen Kwai Suen Chow, and Warren Chow Jr. ("Chow defendants"). Rule 26 Report, ECF No. 59 (filed March 9, 2017). Under the settlement agreement, plaintiff agrees to dismiss his claims against the Chow defendants with prejudice, and plaintiff and the Chow defendants waive any claims against the others and among themselves for attorneys' fees and costs. *Id.* Plaintiff now seeks to dismiss the Chow defendants from the action. Plaintiff is unable to do so with a signed party stipulation because he cannot obtain a signature from pro se defendant Karl Vuong. *See* Mins. Status Conf., ECF No. 62 (noting defendant Vuong's nonappearance, and his nonresponse to parties' efforts to secure his signature for a stipulated dismissal); Rule 26 Report ("Defendant Karl Vuong did not participate in the drafting of this report. This draft was sent to Defendant Karl Vuong and was not returned despite phone calls."); Pl.'s Notice of Mot. to Dismiss, ECF No. 66 ("Defendant Vuong has been entirely non-responsive on this and every other issue."); Pl.'s Mot.

to Dismiss, ECF No. 66-1 at 2 ("[S]ignature from defendant Vuong, a pro se defendant, cannot be obtained."). For this reason, plaintiff moves for a court-ordered dismissal. ECF No. 66-1; s*ee also* Fed. R. Civ. P. 41(a)(1), (2) ("[A]n action may be dismissed at the plaintiff's request [] by court order, on terms that the court considers proper."). The Chow defendants have filed a statement of non-opposition. ECF No. 68. Vuong has not responded.

The court may exercise its discretion to grant a motion for voluntary dismissal provided the dismissed defendants will not suffer some plain legal prejudice as a result. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145–46 (9th Cir. 1982); Fed. R. Civ. P. 41(a)(2). The court finds the Chow defendants will face no plain legal prejudice as a result of this dismissal. The Chow defendants have agreed to the dismissal and the dismissal is with prejudice, meaning the Chow defendants do not face the prospect of defending this lawsuit again. That defendants will bear their own attorneys' fees and costs for their defense efforts to date does not constitute plain legal prejudice. *Hamilton*, 679 F.2d at 145–46. The very purpose of Rule 41(a)(2) is to allow discretionary dismissals even after defendants file responsive pleadings.

Accordingly, the court GRANTS plaintiff's motion and DISMISSES the Chow defendants from this action with prejudice, with all sides bearing their own attorneys' fees and costs.

IT IS SO ORDERED.

DATED: May 16, 2017.

_____
UNITED STATES DISTRICT JUDGE